IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

19-50023

Fill in this information to identify your case:

| | | | |
|---|---|---|---|
| Debtor 1 | **Mandi Renea McLaughlin** | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| Case number | | | |
| (If known) | | | |

☐ Check if this is an amended plan.

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a) This plan:   ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b) This plan:   ☐ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☑ does not value claim(s) that secures collateral.

    (c) This plan:   ☐ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**

    (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $**160.00** for the applicable commitment period of:

    ☐ 60 months: **or**

    ☑ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____.)

    (b) The payments under paragraph 2(a) shall be paid:

    ☐ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor 1 ____%  ☐ Debtor 2 ____%

    ☑ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☑ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    The debtor works for a private employer and wishes to maintain her privacy within the office.

    (c) Additional Payments of $**0** (estimated amount) will be made on ___,___ (anticipated date) from (source, including income tax refunds).

3. **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal,

| Debtor | **Mandi Renea McLaughlin** | | Case number | | 19-50023 |

interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| **Unitedfcu** | **3507 Pebble Hill Rd. Waycross, GA 31503 Ware County** | Yes | Co-Debtor, Henry McLaughlin | January, 2019 | $319.00 |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| **-NONE-** | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:
   (a) **Trustee's Fees**. The Trustee percentage fee as set by the United States Trustee.

   (b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $**3,500.00**.

   (c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **-NONE-** | | | | |

   (e) **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Badcock** | furniture | 1,042.00 | 5.00% | 20.00 |

   (f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| **Synchrony Bank/Care Credit** | Civil Suit 2018-150CC | 536.35 | 0.00% | 14.00 |

   (g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

   ☐ with interest at _____% per annum; **or** ☐ without interest:

   **None**

Debtor **Mandi Renea McLaughlin**  Case number 19-50023

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00**% dividend or a pro rata share of $**3,232.00**, whichever is greater.

5. **Executory Contracts**.
   (a) **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

   (b) **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; **or** ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| **Badcock** | **10.00** |

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8. **Lien Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| -NONE- | | |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **Gold Key Auto Inc** | **2013 Nissan Altima 100,000 miles** | **7,800.00** |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

Debtor   **Mandi Renea McLaughlin**    Case number   19-50023

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

    **An unsecured dividend of $3,232.00 is will be paid to the unsecured creditors. Civil Suit case No. 2018-150CC of Care Credit will be paid in full first from this $3,232.00 dividend and any remaining monies will be disbursed as scheduled in this plan under 4(h).**

    **Any future secured claims will be treated with a 5% interest rate.**

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Dated:  **January 15, 2019**          **/s/ Mandi Renea McLaughlin**
                                       **Mandi Renea McLaughlin**
                                                *Debtor 1*

                                                *Debtor 2*

                                       **/s/ Willis H. Blacknall, III**
                                       **Willis H. Blacknall, III 060775**
                                                *Attorney for the Debtor(s)*

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the Chapter 13 Plan by First Class Mail placing the same in the United States Mail with proper postage affixed thereon to the following addresses:

**(See attached Matrix)**

I hereby certify that I have served a copy of the Chapter 13 Plan on the following corporations addresses to an Agent of Officer by First Class Mail with proper postage affixed thereon to the following addresses:

I hereby certify that the following insured depository institutions were served by Certified Mail addresses to the office of the institution:

I hereby certify that the following parties and counsel were served electronically through the Notice of Electronic Filing (NEF) at the following address:

**Chapter 13 Trustee, Elaina Massey, via CM/ECF**

This 15th day of January, 2019.

/s/Willis H. Blacknall, III
Debtor's Attorney

MANDI RENEA MCLAUGHLIN
3507 PEBBLE HILL RD.
WAYCROSS GA 31503

CAVALRY PORTFOLIO SERVICES
ATTN: BANKRUPTCY DEPARTMENT
500 SUMMIT LAKE STE 400
VALHALLA NY 10595

GOLD KEY AUTO INC
531 MEMORIAL DR.
WAYCROSS GA 31501

WILLIS H. BLACKNALL, III
WILLIS H. BLACKNALL III, P.C.
305 ALBANY AVENUE
P.O. BOX 177
WAYCROSS, GA 31502-0177

COMENITY CAPITAL/MPRC
ATTN: BANKRUPTCY DEPT
PO BOX 182125
COLUMBUS OH 43218

HENRY MCLAUGHLIN
3507 PEBBLE HILL RD.
WAYCROSS GA 31503

1ST FRANKLIN
135 E TUGALO STREET
TOCCOA GA 30577

CREDIT COLLECTION SERVICES
725 CANTON ST.
NORWOOD MA 02062

LABCORP
PO BOX 2240
BURLINGTON NC 27216

BADCOCK
606 PENDLETON ST.
WAYCROSS GA 31501

CREDIT ONE BANK
ATTN: BANKRUPTCY
PO BOX 98873
LAS VEGAS NV 89193

LOTTIE WOODS
2515 DOROTHY ST.
WAYCROSS GA 31501

BEACON PEDIATRICS
801 BEAON ST.
WAYCROSS GA 31501

DIATHERIX LABRATORIES
PO BOX 162587
ATLANTA GA 30321

LVNV FUNDING/RESURGENT CAP
ATTN: BANKRUPTCY
PO BOX 10497
GREENVILLE SC 29603

CAINE & WEINER
ATTN: BANKRUPTCY
PO BOX 5010
WOODLAND HILLS CA 91365

DR. HUTCHESON
1126 W 12TH ST.
ALMA GA 31510

MAYO CLINIC HEALTH SYSTEMS
PHYSICIANS
PO BOX 860360
SAINT PAUL MN 55108

CALVARY SPVI, LLC
C/O CHERICE A. TADDAY
PO BOX 1186
SMYRNA GA 30081

FIN ACCTS SV
8300 KINGSTON PIKE
KNOXVILLE TN 37919

MAYO CLINIC HEALTH SYSTEMS
1900 TEBEAU ST.
WAYCROSS GA 31501

CAP1/JUSTICE
ATTN: BANKRUPTCY
PO BOX 30258
SALT LAKE CITY UT 84130

GEORGIA POWER
96 ANNEX
ATLANTA GA 30396

MOHELA/DEBT OF ED
ATTN: BANKRUPTCY
633 SPIRIT DR
CHESTERFIELD MO 63005

CAPITAL ONE
ATTN: BANKRUPTCY
PO BOX 30285
SALT LAKE CITY UT 84130

GLOBAL ASSET
5700 EXECUTIVE CENTER DR.
STE 102
CHARLOTTE NC 28212

NCB MANAGEMENT SERVICES
ATTN: BANKRUPTCY
ONE ALLIED DRIVE
TREVOSE PA 19053

PORTFOLIO RECOVERY
PO BOX 41021
NORFOLK VA 23541

SYNCHRONY BANK/YAMAHA
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

RISE
ATTN: BANKRUPTCY
PO BOX 101808
FORT WORTH TX 76185

UNITEDFCU
162 N. GROSS ROAD
KINGSLAND GA 31548

ROOSEN VARCHETTI & OLIVER
PO BOX 1186
SMYRNA GA 30081

VERIZON WIRELESS
ATTN: VERIZON WIRELESS BANKRUPTCY ADMINI
500 TECHNOLOGY DR, STE 550
WELDON SPRING MO 63304

SOUTH GEORGIA PHYSICIANS GROUP
1406 HABERSHAM DR.
WAYCROSS GA 31501

WARE COUNTY MAGISTRATE COURT
PO BOX 17
WAYCROSS GA 31502

SYNCB BANK/AMERICAN EAGLE
ATTN: BANKRUPTCY
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/ JC PENNEYS
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/CARE CREDIT
ATTN: BANKRUPTCY DEPT
PO BOX 965061
ORLANDO FL 32896

SYNCHRONY BANK/OLD NAVY
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896

SYNCHRONY BANK/WALMART
ATTN: BANKRUPTCY DEPT
PO BOX 965060
ORLANDO FL 32896